927 F.2d 607
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rabb Ra CHAKA, Plaintiff-Appellant,
v.
Michael P. LANE, Illinois Department of Corrections, Michael
O'Leary, Salvador Godinez, Thomas P. Roth, Michael
Krolikiewicz, William Kathoeffer, Robert Orr, James R.
Thompson, Speedway Wrecking Company, Mark Gerardot and
Capital Development Board, Defendants-Appellees.
 No. 89-3151.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1991.*
Decided March 6, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 88 C 4204, John A. Nordberg, Judge.
 N.D.Ill.
 DISMISSED.
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Rabb Ra Chaka is an inmate at the Stateville Correctional Center (Stateville). He and Jerome White, another inmate at Stateville who has not joined in this appeal, filed this suit as a class action[1] pursuant to 28 U.S.C. Secs. 1983, 1985, 1986, and 1988 against various state prison officials, former Governor Thompson, the Illinois Department of Corrections, the state's Capital Development Board, and Speedway Wrecking Company. Plaintiffs seek damages of $100 billion on the grounds that the presence of asbestos at Stateville and the way in which the defendants conducted an asbestos abatement project "will cause plaintiffs to develop such illnesses as 'asbestosis, pneumoconiosis, silicosis and/or other illnesses and disabilities' ... the exact nature of which are presently unknown to plaintiffs."
 
 
 2
 The district court found that because plaintiffs failed to allege any personal injury, they did not have standing to litigate on behalf of the inmates at Stateville. The court also noted that because plaintiffs failed to allege any personal injury, the complaint failed to state a claim for which relief could be granted. The court dismissed the action, but gave plaintiffs the opportunity to amend their complaint. Plaintiffs did not do so; instead, Chaka filed this appeal.
 
 
 3
 On appeal, Chaka argues that he does not have to suffer an actual, physical injury to have standing since it may take up to twenty years for any physical injury to manifest itself. He suggests that the fact that defendants have put his life in danger is enough.
 
 
 4
 We review the dismissal of Chaka's action de novo. See Rosenberg, Inc. v. Tazewell County, 882 F.2d 1165, 1167 (7th Cir.1989). To establish constitutional standing, a plaintiff must allege " personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." FMC Corp. v. Boesky, 852 F.2d 981, 987 (7th Cir.1988) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)). The personal injury or threat of injury alleged must be both real and immediate, not conjectural or hypothetical. City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983). If these elements are met, a plaintiff must also satisfy three prudential limitations. See Warth v. Seldin, 422 U.S. 490, 501 (1975). Because Chaka has not alleged any personal injury, we need not consider these other constitutional and prudential limitations on federal-court jurisdiction.
 
 
 5
 The cases Chaka cites do not support his contention that he need not allege an actual physical injury to establishing standing. In White v. Rochford, 592 F.2d 381 (7th Cir.1979), the plaintiffs, three children, alleged actual physical and emotional injuries which resulted when police officers arrested their uncle and then left them in the abandoned automobile on the side of the highway on a cold evening. Unlike the plaintiffs in White, Chaka did not allege any personal injury and, in fact, admits that he is not suffering from any actual injury at this time. In DiMarzo v. Cahill, 575 F.2d 15 (1st Cir.), cert. denied, 439 U.S. 927 (1978), the inmates who filed suit alleged that they were personally exposed to fire hazards which created a distinct and immediate threat of present injury. Unlike the inmates in DiMarzo, it is not clear from the complaint that Chaka was personally exposed to the asbestos such that it created a distinct and immediate threat of personal injury. Chaka does not allege that he was housed in a cellblock which contained asbestos. He does not allege that he was made to work to remove asbestos materials without protective clothing. He does not allege that he was in an area where asbestos was being removed. Chaka's fear that he may develop a disease from exposure to asbestos has no apparent basis in fact and is conjectural.
 
 
 6
 The complaint merely contains vague allegations that "members of the class" were housed in cellblocks containing asbestos, were made to work to remove asbestos materials without protective clothing, and were living in areas from which asbestos was being removed. This is not a class action. Even if it were, our focus in determining standing is nonetheless on the plaintiff. See HOPE, Inc. v. County of Dupage, 738 F.2d 797, 803 (7th Cir.1984) (en banc). "That a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.' " Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 40 n. 20 (1976) (quoting Warth, 422 U.S. at 502)). Chaka had an opportunity to amend the complaint to allege a personal injury, but did not do so because, as he admits, he has not been injured.
 
 As the district court aptly noted:
 
 7
 Asbestos unfortunately abounds in may public buildings. Its mere existence in a prison, however, is not enough to show deliberate indifference to the health hazard created by asbestos exposure as is required to state a claim of cruel and unusual punishment against prison administrators. [Citations omitted.] Absent any factual allegations to show that defendants caused injury to the named plaintiffs through their deliberate indifference to the risk of harm caused by direct exposure to asbestos, the complaint cannot stand.
 
 
 8
 Because Chaka has not suffered a personal injury, there is no case or controversy. Accordingly, this cause is DISMISSED for lack of jurisdiction.
 
 
 9
 DISMISSED for lack of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The district court denied plaintiffs' application for class certification